**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JON MOORE,<br><br>                    Plaintiff,<br><br>          v.<br><br>DUKE REALTY CORPORATION, SCOTT P. ANDERSON, JOHN P. CASE, JAMES B. CONNOR, TAMARA D. FISCHER, KELLY T. KILLINGSWORTH, MELANIE R. SABELHAUS, PETER M. SCOTT, III, DAVID P. STOCKERT, CHRIS T. SULTEMEIER, WARREN M. THOMPSON, and LYNN C. THURBER,<br><br>                    Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br><br>**JURY TRIAL DEMAND** |

Plaintiff Jon Moore ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Duke Realty Corporation ("Duke Realty" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Prologis, Inc. ("Prologis") through its subsidiaries Compton Merger Sub LLC ("Prologis Merger Sub"), Prologis, L.P. ("Prologis OP"), and Compton Merger Sub OP LLC ("Duke Realty OP").[1]

---

[1] The proposed acquisition of Duke Realty described herein is referred to as the "Proposed Transaction."

2.      On June 11, 2022, the Company entered into an Agreement and Plan of Merger with Prologis, Prologis Merger Sub, Prologis, L.P., and Duke Realty OP (the "Merger Agreement"). The Merger Agreement provides that Duke Realty's stockholders will receive 0.475 Prologis shares for each share of Company stock they own in connection with the Proposed Transaction.

3.      The Company's corporate directors subsequently authorized the July 29, 2022 filing of the materially incomplete and misleading registration statement (the "Registration Statement") with the SEC. The Registration Statement, which recommends that Duke Realty stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Registration Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for September 28, 2022.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company's stock trades on the New York Stock Exchange, headquartered in this District.

**THE PARTIES**

9.      Plaintiff is, and has been at all times relevant hereto, the owner of Duke Realty common stock.

10.      Defendant Duke Realty is an Indiana corporation with its principal executive offices located at 8711 River Crossing Boulevard, Indianapolis, Indiana 46240.   The Company's stock trades on the New York Stock Exchange under the symbol "DRE."  Duke Realty owns and operates approximately 159 million rentable square feet of industrial assets in 20 major logistics markets.  Duke Realty primarily owns industrial warehouses used for distribution.  Many of its properties are used by e-commerce retailers.  It also owned medical offices and other offices, but it has sold almost all of these properties.  It owns properties throughout the United States, with a concentration in the Midwest and the South.  As of 2016, the three largest markets by square feet

were Indianapolis, Chicago, and Atlanta, with 12.5%, 10.7%, and 9.5% of total square feet. Founded in 1972, Duke Realty is headquartered in Indianapolis, Indiana.

11.     Defendant Scott B. Anderson is and has been a director of the Company at all times relevant hereto.

12.     Defendant John P. Case is and has been a director of the Company at all times relevant hereto.

13.     Defendant James B. Connor is and has been a director, Chairman of the Duke Realty board of directors, and Chief Executive Officer of the Company at all times relevant hereto.

14.     Defendant Tamara D. Fischer is and has been a director of the Company at all times relevant hereto.

15.     Defendant Kelly T. Killingsworth is and has been a director of the Company at all times relevant hereto.

16.     Defendant Melanie R. Sabelhaus is and has been a director of the Company at all times relevant hereto.

17.     Defendant Peter M. Scott, III, is and has been a director of the Company at all times relevant hereto.

18.     Defendant David P. Stockert is and has been a director of the Company at all times relevant hereto.

19.     Defendant Chris T. Sultemeieris and has been a director of the Company at all times relevant hereto.

20.     Defendant Warren M. Thompson is and has been a director of the Company at all times relevant hereto.

21.     Defendant Lynn C. Thurber is and has been a director of the Company at all times

relevant hereto.

22.     Defendants identified in paragraphs 11-21 are collectively referred to herein as the

"Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**The Proposed Transaction**

23.     On August 8, 2022, DUKE REALTY and Prologis jointly announced in relevant

part:

> Prologis, Inc. (NYSE: PLD) and Duke Realty Corporation (NYSE: DRE) today announced that the two companies have entered into a definitive merger agreement by which Prologis will acquire Duke Realty in an all-stock transaction, valued at approximately $26 billion, including the assumption of debt.  The respective board of directors for Prologis and Duke Realty have unanimously approved the transaction.

> "We have admired the disciplined repositioning strategy the Duke Realty team has completed over the last decade," said Prologis Co- founder, CEO and Chairman Hamid R. Moghadam.  "They have built an exceptional portfolio in the U.S. located in geographies we believe will outperform in the future.  That will be fueled by Prologis' proven track record as a value creator in the logistics space.  We have a diverse model that allows us to deliver even more value to customers."

> With the transaction, Prologis is gaining high-quality properties for its portfolio in key geographies, including Southern California, New Jersey, South Florida, Chicago, Dallas and Atlanta.

> The acquisition on an owned and managed basis comprises:

> - 153 million square feet of operating properties in 19 major U.S. logistics geographies.

> - 11 million square feet of development in progress – about $1.6 billion in total expected investment.

> - 1,228 acres of land owned and under option with a build-out of approximately 21 million square feet.

> Prologis plans to hold approximately 94% of the Duke Realty assets and exit one market.

"This transaction is a testament to Duke Realty's world-class portfolio of industrial properties, long-proven success and sustainable value creation we've delivered over the years," said Duke Realty Chairman and CEO Jim Connor.  "We have always respected Prologis, and after a deliberate and comprehensive evaluation of the transaction and the improved offer, we are excited to bring together our two complementary businesses.  Together, we will be able to accelerate the potential of our business and better serve tenants and partners.

We are confident that this transaction – including the meaningful opportunity it provides for shareholders to participate in the growth and upside from the combined portfolio — is in the best long-term interest of Duke Realty shareholders."

The transaction is anticipated to create immediate accretion of approximately $310-370 million from corporate general and administrative cost savings and operating leverage as well as mark-to-market adjustments on leases and debt.  In year one, the transaction is expected to increase annual core funds from operations* (Core FFO), excluding promotes per share by $0.20-0.25.  On a Core AFFO basis, excluding promotes, the deal is expected to be earnings neutral in year one.

Further, future synergies have the potential to generate approximately $375-400 million in annual earnings and value creation, including

$70-90 million from incremental property cash flow and Essentials income, $5-10 million in cost of capital savings and $300 million in incremental development value creation.

"This transaction increases the strength, size and diversification of our balance sheet while expanding the opportunity for Prologis to apply innovation to drive long-term growth," said Tim Arndt, Prologis' chief financial officer.  "In addition to generating significant synergies, the combination of these portfolios will help us deliver more services to our customers and drive incremental long-term earnings growth."

Under the terms of the agreement, Duke Realty shareholders will receive 0.475x of a Prologis share for each Duke Realty share they own.  The transaction, which is currently expected to close in the fourth quarter of 2022, is subject to the approval of Prologis and Duke Realty shareholders and other customary closing conditions.

Goldman Sachs Group, Inc. and Citigroup are serving as financial advisors and Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Prologis.  Morgan Stanley & Co. LLC is serving as the lead financial advisor and Hogan Lovells US LLP is serving as legal advisor to Duke Realty.  J.P. Morgan Securities LLC and Alston & Bird LLP are also serving as financial and legal advisors, respectively, to Duke Realty.

**The Materially Incomplete and Misleading Registration Statement**

24.     The Board caused to be filed the materially incomplete and misleading Registration Statement with the SEC on July 29, 2022.  The Registration Statement, which recommends that Duke Realty stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning the financial forecasts for Prologis, Duke Realty, and the potential combination thereof, as well as the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co., LLC ("Morgan Stanley").

*Material Misrepresentations and/or Omissions Concerning Financial Forecasts and the Financial Analyses prepared by Morgan Stanley*

25.     The Registration Statement fails to disclose material information concerning the financial forecasts for Duke Realty, Prologis, and the resulting combination of the two.

26.     For example, with respect to the financial forecasts prepared by Prologis management for both Prologis and the Company, the Registration Statement fails to disclose the line items underlying the respective calculation of: (a) AFFO, Excluding Gains and Promotes; (b) AFFO, Excluding Gains and Promotes/Share; and (c) Unlevered Free Cash Flow.

27.     Similarly, with respect to the Prologis management forecasts for the "Combined Company on a Pro Forma Basis Giving Effect to the Mergers," the Registration Statement fails to disclose the line items underlying the calculation of: (a) AFFO, Excluding Gains and Promotes; (b) AFFO, Excluding Gains and Promotes/Share; and (c) Unlevered Free Cash Flow.

28.     The Registration Statement also fails to disclose the line items underlying the calculation of: (a) EBITDA; (b) Core FFO; (c) AFFO; (c) Core FFO per share; and (d) AFFO per share with respect to the Duke Realty forecasts prepared by Company management.

29.     The Registration Statement fails to disclose material information concerning Morgan Stanley's respective financial analyses.

30.     With respect to the *Comparable Public Company Analysis* performed by Morgan Stanley, the Registration Statement fails to disclose the individual multiples and metrics for the selected companies analyzed by the financial advisor.

31.     With respect to the *Dividend Discount Analysis* performed by Morgan Stanley, the Registration Statement fails to disclose: (a) the range of implied terminal values of the Company; (b) the inputs and assumptions underlying the range of illustrative perpetuity growth rates utilized by Morgan Stanley in connection with the analysis; (c) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis; (d) the Company's weighted average cost of capital; (e) the amount of fully diluted number of shares of Company common stock; and (f) the total debt and Duke Realty's cash and cash equivalents of the Company as of April 29, 2022.

32.     With respect to the Premiums Paid Analysis performed by Morgan Stanley, the Registration Statement fails to disclose the premiums paid in the transactions analyzed by the financial advisor.

33.     With respect to the *Wall Street Research Analyst Price Targets and NAV Targets* analysis performed by Morgan Stanley, the Registration Statement fails to disclose the price targets observed in the analysis and the sources thereof.

34.     In sum, the omission of the above-referenced information renders statements in the "Certain Prologis Unaudited Prospective Financial Information," "Certain Duke Realty Unaudited Prospective Financial Information," "Opinion of Duke Realty's Financial Advisor" sections of the Registration Statement materially incomplete and misleading in contravention of the Exchange

Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Duke Realty will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

35.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36.    The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Duke Realty is liable as the issuer of these statements.

37.    The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

38.    The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

39.    The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

40.    The Registration Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

41.    By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

42.    Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.    The Individual Defendants acted as controlling persons of Duke Realty within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Black.  Knight and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

45.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

47.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Mandiant, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  September 13, 2022                                **ROWLEY LAW PLLC**

OF COUNSEL:                                                *S/ Shane T. Rowley*

**LONG LAW, LLC**                                          Shane T. Rowley (SR-0740)
Brian D. Long                                              Danielle Rowland Lindahl
3828 Kennett Pike, Suite 208                              50 Main Street, Suite 1000
Wilmington, DE 19807                                       White Plains, NY 10606
Telephone: (302) 729-9100                                 Tel: (914) 400-1920
Email: BDLong@longlawde.com                               Fax: (914) 301-3514
                                                          Email: srowley@rowleylawpllc.com
                                                          Email: drl@rowleylawpllc.com

                                                          *Attorneys for Plaintiff*

12